

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

March 28, 2011

**VIA ECF**

The Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Patrick M. Collins
Partner
T. 212.609.6849
F. 646.224.5555
pcollins@mccarter.com

Re: Daniels v. 1710 Realty LLC
    Civil Action No. 10-cv-0022 (RER)

Dear Judge Reyes:

We represent defendant 1710 Realty LLC in the above referenced action. In accordance with the Court's Order dated March 21, 2011, defendant submits this brief in response to plaintiff's Letter Brief dated March 17, 2011.

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY 10167-0001
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

## Equitable Tolling Does Not Apply

Plaintiff offers a rehash of his argument regarding equitable tolling. Plaintiff contends that because overtime liability is calculated on a weekly basis under the Fair Labor Standards Act ("FLSA"), the defendant's alleged failure to post a wage poster should toll the limitations period and permit plaintiff to recover damages for the entire 15-year period of his employment. Plaintiff's argument is unsupported and contrary to applicable precedent.

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

The limitations period for plaintiff's FLSA claim is two years. 29 U.S.C. § 255(a). The mere failure to display a wage poster is not a circumstance so extraordinary to warrant equitable tolling, and, even were equitable tolling to apply, the purpose of the doctrine is to extend a plaintiff's time to file his claim, *not* to extend a plaintiff's recovery of damages to fifteen years, well beyond the statutory limitations period. (See defendant's Opposition Memorandum, Docket # 32 at pp. 3-7).

Plaintiff's Letter Brief completely ignores a recent ruling by the Southern District, which was cited in defendant's Opposition Memorandum and which squarely rejected the exact same argument put forth by plaintiff. In Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010) (Chin, J.), the court ruled that the failure to post an FLSA notice was *not* an extraordinary circumstance warranting equitable tolling. Id. at *2-4. The court held that "[t]o hold that a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is

The Honorable Ramon E. Reyes
Re: Daniels v. 1710 Realty LLC
    Civil Action No. 10-cv-0022 (RER)
March 28, 2011
Page 2

tolled in all or substantially all cases seeking unpaid overtime." Id. at *4 (quoting Amendola v. Bristol-Myers Squibb Co., 558 F.Supp.2d 459, 479 (S.D.N.Y. 2008)).

### Plaintiff's Proposed Exhibits Are Inadmissible

Plaintiff also requests in his Letter Brief that the Court rule as to the admissibility of certain documents he proposes to introduce at trial. All of plaintiff's proposed exhibits should be ruled inadmissible.

1.   Google Maps

At his deposition, plaintiff testified that in the middle of almost every workday he drove his wife to work in downtown Brooklyn. (See Affirmation of Patrick Collins submitted in support of defendant's Pre-Trial Memorandum of Law, dated January 14, 2011 ("Collins Aff."), Ex. B at 56:21-59:11). Plaintiff testified that this round-trip, mid-day commute between Crown Heights and downtown Brooklyn took him thirty minutes or longer each day, depending upon traffic. (Collins Aff., Ex. B at 85:7-14).

Plaintiff now seeks to introduce results from Google Maps to contradict his own testimony and show that the "round-trip" distance from plaintiff's job site to and from his wife's workplace "can take only about 12-13 mins." (Plaintiff's Letter Brief at 2). Moreover, there is no proper authentication for the admission of the Google Maps documents pursuant to Rule 901 of the Federal Rules of Evidence, as plaintiff did not testify that he took the route described in the proposed Google Maps submission. (Collins Aff., Ex. B at 83:9-84:11).

Plaintiff's reliance on United States v. Sessa, 2011 WL 256330 (E.D.N.Y. Jan. 25, 2011), is misplaced. In Sessa, the court took judicial notice that the "*distance* was calculated by reference to Google Maps." Id at *25, fn12. Here, the issue is not distance, but rather the time that it took plaintiff to make this round-trip commute, which would not be compensable under the FLSA. Plaintiff's own testimony on this issue is the only relevant evidence, and the Google Maps documents should be ruled inadmissible, subject to further testimony regarding plaintiff's driving route.

2.   Wage Poster Related Exhibits

Plaintiff's proposed exhibits regarding a wage poster are irrelevant to any issue in this case.

The Court's October 6, 2010 Order directed defendant to submit an affidavit from an individual with knowledge addressing when and where any poster was displayed and who hung or moved the poster. Defendant's November 4, 2010 letter to plaintiff's counsel stated that defendant had no witness with personal knowledge concerning the categories of information listed in the court's Order (Plaintiff's Letter Brief, Ex. 6). Furthermore, defendant neither listed any such witness nor listed the

ME1 11402863v.3

The Honorable Ramon E. Reyes
Re: Daniels v. 1710 Realty LLC
    Civil Action No. 10-cv-0022 (RER)
March 28, 2011
Page 3

wage poster as a potential exhibit in the parties' Joint Pre-Trial Order (Docket #33). It is evident, therefore, that a wage poster is not part of defendant's defense in this action.

Plaintiff contends that the wage poster exhibits are "relevant to the issue of credibility and equitable tolling." The wage poster has no bearing on plaintiff's equitable tolling argument, which is premised on the *absence* of a wage poster. The wage poster also has no relevance as to "credibility" since no witness will testify as to any poster.

In reality, plaintiff's counsel is engaged in a belated discovery dispute, disguised as an evidentiary issue. The wage poster exhibits have no relevance to this action. Moreover, plaintiff's counsel's assertions of fraud are unseemly and entirely without basis.

3.      Apartment-Related Exhibits

Finally, plaintiff seeks to introduce all "wage, apartment/utilities documents produced during discovery." The only documents produced during discovery concerning plaintiff's apartment were copies of gas and electric bills paid by defendant. These documents are not relevant, as defendant does not contend that these payments constitute a part of plaintiff's wages.


Respectfully submitted,

*/s/ Patrick M. Collins*

Patrick M. Collins

cc: Abdul K. Hassan, Esq.
    Counsel for Plaintiff (via ECF)